In the Matter of the Accounting of CENTRAL UNION TRUST COMPANY OF NEW YORK, as Executor of AUGUST J. ROECK, Deceased, Respondent.

CHRISTIAN W. ROECK, Appellant; BERTHA HEISSLER et al., Respondents.

*Will — decedent's estate — alien enemies — when may take personal property by bequest.*

*Matter of Central Union Trust Co. of N. Y.*, 206 App. Div. 753, affirmed.

(Argued December 4, 1923; decided December 27, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1923, which unanimously affirmed a decree of the Bronx County Surrogate's Court in an accounting proceeding wherein it was adjudged that an alien enemy resident in an enemy country, legatee named in decedent's will, and alien enemies, also residents of an enemy country, children of a deceased alien enemy, also named as legatees in said will, were entitled to share in the personal estate of August J. Roeck who died in Bronx county July 23, 1917, survived by his son and Rosalie Roeck, his widow. He left a will and codicils which bequeathed to his son $5,100. The balance of his estate, amounting to approximately $47,000, was bequeathed equally to three sisters, Louise Ferber, Bertha Heisler and Marie E. Roeck. Marie E. Roeck was a resident of the county of Bronx. Bertha Heisler was a resident and citizen of the empire of Germany. Louise Ferber had died, leaving her surviving the following children: Anna Ferber, Martha Ferber, Otto Ferber and Helene Ferber, all residents and citizens of the empire of Germany. War was declared upon Germany by this country on April 6, 1917. Appellant claimed that this country being at war with Germany, the alien enemies were incapacitated from taking these legacies, and that decedent had died intestate as to the two-thirds of his residuary estate bequeathed to them.

*Bernard P. Ryan* and *Adolph E. Gutgsell* for appellant.
*Alfred W. Varian* and *Louis X. Alter* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

MATTHEW J. JOYCE, Appellant, *v.* LAWRENCE B. BROCKETT et al., Respondents.

*Negligence — motor vehicles — guest in automobile injured in accident — negligence of driver and contributory negligence of guest.*

*Joyce* v. *Brockett*, 205 App. Div. 770, affirmed.

(Argued December 4, 1923; decided December 27, 1923.)

APPEAL from a judgment, entered July 11, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff, while riding as a guest in defendants' automobile, was injured in an accident alleged to have been occasioned by the negligent driving of the automobile. The Appellate Division held that defendant was not negligent and that if he was, plaintiff was guilty of contributory negligence in failing to protest at the excessive speed at which he testified the car was being driven.

*Andrew J. Nellis* and *Thomas S. Fagan* for appellant.

*P. C. Dugan, Barnett Cohen* and *Frank J. O' Neill* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

36